COLLIN & GISSEL v. UNITED STATES

No. 4975.—Invoice dated Bremen, Germany, June 17, 1936.
Entered at Houston, Tex., July 31, 1936.
Entry No. 117–H.

(Decided July 10, 1940)

*Philip Stein* for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

CLINE, Judge: This is an appeal for a reappraisement of merchandise invoiced as "metal sponges copper" imported from the Transatlantic Handels Co. of Bremen, Germany, the invoice being consulated on June 17, 1936. The goods were invoiced and entered at 460 reichsmarks per 100 gross and were appraised at the port of Houston at 6.84 reichsmarks per gross, less 3 per centum and less f. o. b. expenses amounting to 10 reichsmarks.

At the trial counsel for the plaintiff offered an affidavit of Johan Osmers, who is a partner in the Transatlantic Handels Co., the

shipper. The affidavit was received in evidence and marked "Exhibit 1." The following appears in the exhibit relative to the value of metal sponges:

I further declare that these Metal Sponges were purchased from Fritz Stadelmann, Roth b. Nürnberg, Germany, at a price of Reichmarks 4.60 per gross less our selling commission. This represents also the market price for home consumption since we also buy at this price for sales within Germany. This however applies only to purchases and sales prior to November 1936. Todays price is Reichmarks 6.08 per gross.

The above statements are true and correct. Our business records are open to United States Investigators for checking up on this matter.

Counsel for the defendant offered no evidence but he moved to dismiss the appeal upon the ground that the plaintiff had failed to make out a *prima facie* case.

The question for decision is whether or not the evidence submitted by the plaintiff is sufficient to overcome the presumption of correctness attaching to the appraisement. The plaintiff has the burden of showing the price at which such or similar merchandise was freely offered for sale in the principal markets of Germany in the usual wholesale quantities and in the ordinary course of trade at the time of this exportation. The affiant failed to name the principal market in Germany in which such merchandise was freely offered for sale and he failed to state the usual wholesale quantities in which such goods were sold in the ordinary course of trade at the time of this exportation either for consumption in Germany or for export to the United States. Furthermore, he did not state the price at which such or similar merchandise was freely offered for sale for export to the United States. He merely stated the price at which he purchased the merchandise in Germany and that such price represents the market price for home consumption.

The plaintiff has the burden of establishing every material element necessary for appraisement, and, in the absence of testimony tending to prove every material fact, the appeal is subject to dismissal. *Meadows, Wye, & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36, T. D. 43324; *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057; *United States* v. *Arkell Safety Bag Co.*, 2 Cust. Ct. 827, Reap. Dec. 4513.

I find that the record fails to establish facts necessary for a legal appraisement and that the evidence submitted by the plaintiff is insufficient to overcome the presumption of correctness attaching to the appraisement. Accordingly, the defendant's motion to dismiss the appeal is granted and the appeal is hereby dismissed. Judgment will be entered accordingly.