(A. R. D. 58) .

WILLIAM G. McBETH *v.* UNITED STATES

Entry No. 2222.

Third Division, Appellate Term

(Decided March 25, 1955)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the appellant.
*Warren E. Burger*, Assistant Attorney General (*Daniel I. Auster, Samuel D. Spector*, and *Mollie Strum*, trial attorneys), for the appellee.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This is an application for review of the decision and judgment of the trial court, filed under the provisions of 28 U. S. C. § 2636 (a), wherein the court sustained the values found by the appraiser, on a finding that the presumption of correctness attaching thereto had not been overcome. (28 Cust. Ct. 650, Reap. Dec. 8114.) Appellee filed a motion to dismiss the application as untimely, under section 2636 (a), *supra*. The facts as to the date of filing were established to be as follows: Counsel for appellant caused an application for review to be forwarded to the court, rather than to the collector at the port of entry. Subsequently, an application for review was sent to the collector at New Orleans via airmail and special delivery. However, the special-delivery stamp used was one in effect prior to the establishment of an increased postal rate. The customs officials refused to pay the increased rate of postage due shown on the envelope, because of the fact that no fund was provided for such purpose. The application was, therefore, returned to the sender, who thereupon mailed said application to the collector in another envelope, together with the request that the same be received as having been timely filed. This request was denied by the customs officials at the port of entry. Appellant moved this court for an order deeming the application for review and the statement filed with the court to be the application for review and statement filed with the collector at New Orleans. The court, following the reasoning of the case of *West End*

*Auto Wrecking Co., Inc., et al.* v. *United States*, 29 Cust. Ct. 548, A. R. D. 7, held that the application to the court was timely. (Order of the court, 32 Cust. Ct. 672, A. R. D. 43.)

The merchandise involved in the application for review consists of mahjong sets, figurines, and jewel boxes, which were part of a larger shipment placed in the free zone at New Orleans, La. The mahjong sets were entered at $3 per set and appraised at $10; the elephant and lion figurines were entered at $1.50 per pair and appraised at $7 per pair; the dragon figurines were entered at $2 per pair and appraised at $8 per pair; and the jewel boxes were entered at $1.70 each and appraised at $4 each. From the record, it was established that the importer-appellant was a merchant seaman who, being desirous of opening a small shop in this country, purchased these articles as a part of his stock. The prices quoted to him by various merchants in China varied from 10 per centum to 15 per centum. The prices for the figurines were quoted at 6, or 12-dozen lots, the prices for the mahjong sets were quoted per dozen, and the jewelry boxes were quoted per one hundred. He visited various dealers in this class of merchandise whose names had been given to him by the United States consul at Hong Kong. He looked over the merchandise of these dealers and made his selections. He found little variation in price in the various establishments and actually paid the prices represented by the entered values. At the time he bought the merchandise, he was in no position to know whether he was paying too much, as it was the first time he had seen the items. Subsequently, in Hong Kong, he found that those were the prices to Americans, which were always above the prices charged to the Chinese.

On cross-examination, it developed that the importer did not inquire what the value was for this merchandise; that he considered the American consul the best authority; that his knowledge as to the values was based largely on the assurance given him by said American consul. His other information was obtained from conversations with American residents and Chinese who were not engaged in business.

Appellant contends that the trial court erred in sustaining objections to certain questions submitted to the importer at the trial. We have examined the questions referred to and find no error in the ruling of the trial court.

In addition to the testimony of the importer-appellant, there was received in evidence as exhibit 5 an affidavit, relating only to the jewel boxes, in which affiant states that the instant jewel boxes are identical with those purchased by another importer from a firm in Shanghai, China, on December 15, 1949, at a price of $0.77 each, the date of importation being given as April 25, 1950. This affidavit fails to state the date of exportation of said jewel boxes. It further states that they were appraised, as entered, by the appraiser at San

Francisco. Aside from defects in this affidavit, the date of exportation of the instant merchandise is given as May 13, 1949 on the entry, that being the date of sailing of the importing vessel. Moreover, it has been held that there is no presumption that the values at which merchandise, such as or similar to that involved, was entered by other importers met the statutory requirements as to value and were the correct values of the merchandise, and the fact that such merchandise was appraised as entered, does not, in and of itself, establish the necessary facts as to the value involved. *Charles Happel, Inc., a/c Mon Fong Wo Co.* v. *United States*, 28 Cust. Ct. 612, Reap. Dec. 8111. The trial court properly held this affidavit to be without probative force.

We are in accord with the holding of the trial court that the record is insufficient to overcome the presumptively correct values found by the appraiser. (Section 402, Tariff Act of 1930.) *Collins & Gissel* v. *United States*, 5 Cust. Ct. 488, Reap. Dec. 4975; and *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276.

The decision and judgment of the court below are therefore affirmed.